IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IGNATIUS AKPAN, | § | |
| # 37277-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-0921-K |
| | § | (3:08-CR-0003-K(01)) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Ignatius Akpan ("Akpan"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government filed a response and Akpan filed a reply. For the reasons set out below, the § 2255 motion is denied.

## I. BACKGROUND

A jury found Akpan guilty of one count of conspiracy to commit wire fraud and eight counts of wire fraud, and the Court sentenced him to fifty-seven months' imprisonment, a two-year term of supervised release, and restitution in the amount of $584,793.00. *United States v. Akpan*, No. 3:08-CR-0003-K(01) (N.D. Tex. April 22, 2009). The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United States v. Akpan*, 396 Fed. App'x (5th Cir. Sept. 23, 2010) (unpublished per curiam). On May 2, 2011, Petitioner filed this timely section 2255 motion, alleging violations of his Fifth Amendment right against self-incrimination and his Sixth Amendment Confrontation Clause rights, prosecutorial misconduct, sentencing

error, and ineffective assistance of counsel.

Briefly, at trial, evidence was presented that Akpan, as owner of Union Communication and Utilities Corporation (UCUC) and James Yarclay, owner of Universal Internet Concepts, Inc. (UICI), devised a scheme to defraud American Express. Specifically, there was evidence presented that in February and March of 2004, Yarclay opened American Express accounts for UICI, and Akpan opened a vendor account with American Express for UCUC and received a point of sale terminal from American Express. There was also evidence presented that in March and April of 2004, Akpan charged Yarclay's American Express corporate accounts for approximately $664,360 in eight separate transactions, that American Express paid Akpan $648,082, and that $319,000 was subsequently transferred from Akpan's account to Yarclay's account. (R. 1:192-238; R. 2:162-68, 172-75). In addition, there was evidence presented that Akpan wrote three separate checks to UICI totaling $230,000 on three separate accounts that had only $100 in each of them, that Yarclay deposited these checks in his corporate account, that these deposits served to artificially inflate his corporate checking account, and that this artificially inflated balance allowed him to obtain approval from American Express for additional charges before the checks bounced. (R. 2:177-79). One of Akpan's former employees and the vice-president of UCUC also testified that UCUC did not have any known customers or active business that would account for a payment totaling $664,360. (R. 2:34-63, 85-125).

Akpan's defense when initially questioned about the charges in July of 2004, and

2

at trial, was that the charges he made to Yarclay's account were for a contract for UICI

to purchase cell phones from UCUC.  As support for this defense, the defense offered

the testimony of a former employee and of the chief financial officer of UCUC at trial.

(R. 2:223-33, 242-57).

## II.  ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the

Court presumes that a petitioner stands fairly and finally convicted.  *United States v.*

*Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d

228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595

(5th Cir. 2001).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his

conviction only on constitutional or jurisdictional grounds.

A failure to raise a claim on direct appeal may procedurally bar an individual from

raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir.

2001).  Where a § 2255 movant has procedurally defaulted a claim by failing to raise it

on direct review, the claim may be raised in habeas only if the defendant can first

demonstrate either "cause" and actual "prejudice," or that he is "actually innocent."

*Bousley v. United States*, 523 U.S. 614, 622 (1998), *citing Murray v. Carrier*, 477 U.S. 478,

485, 496 (1986).  However, "there is no procedural default for failure to raise an

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to

bring [such] claims on direct appeal does not promote the[] objectives" of the procedural

default doctrine, "to conserve judicial resources and to respect the law's important

3

interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## A.     Fifth Amendment

In his first ground for relief, Akpan asserts that his Fifth Amendment right to be free from self-incrimination was violated because, during questioning by Special Agent Greg Hodnett, he was not advised of his *Miranda* rights and was questioned after he requested to speak to an attorney. No objection was made at trial, and this issue was not raised on direct appeal.

Because Akpan did not raise this issue at trial or on direct appeal, he is procedurally barred from raising it on collateral review unless he establishes cause and prejudice or that he is actually innocent. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 358 (2006) ("[It is well established that where a defendant fails to raise a *Miranda* claim at trial, procedural default rules may bar him from raising the claim in a subsequent postconviction proceeding."). Akpan asserts that his counsel's failure to raise this as an issue earlier constitutes cause and prejudice to overcome the procedural bar. (Reply at 6).

While a procedural default can be overcome if it is shown that counsel rendered constitutionally ineffective assistance of counsel, *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), Akpan cannot overcome the procedural bar because counsel was not ineffective for failing to raise this issue at trial. In *Miranda v. Arizona*, 384 U.S. 436,

444 (1966), the United States Supreme Court held that any statement made by a person in custody cannot be admitted into evidence over his objection unless the person in custody is informed that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed, while being questioned.   The Supreme Court in *Miranda* also held that if a person being subjected to custodial interrogation indicates that he wishes to remain silent and terminate the interrogation, the police must scrupulously honor that person's right.   *Id.* at 473-4.   Subsequent to its ruling in *Miranda*, in *Davis v. State*, 512 U.S. 452, 459 (1994), the Supreme Court further explained that law enforcement officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during custodial interrogation.

Akpan was interviewed by Agent Hodnett on July 16, 2004, three months after the challenged American Express charges, in an interview room at the United States Secret Service's field office in Las Colinas, Texas.   Akpan was not under arrest when he answered questions from Agent Hodnett, and he was not arrested until January 11, 2008, after his indictment.   This interview was scheduled by Agent Hodnett calling Akpan and asking to meet with him about some charges made to American Express. (R. 2:189-90; docs. 1, 5 of Cause No. 08-cr-003-K).   Akpan asserts in sworn affidavits that he has attached to his motion and reply that, contrary to what Agent Hodnett testified to at trial, he was never advised of his *Miranda* rights, and he never signed a waiver of these rights.   Akpan also avers that he was "interrogated" for several hours, he requested

5

that counsel be present, but this request was not honored, that he did not feel that he could leave or terminate the interview, and that he was "frightened, coerced, and compelled" to surrender to the interrogation tactics of Agent Hodnett. (Motion at 54, Reply at 36-8).

*Miranda* applies only to custodial interrogations.  A suspect is "in custody" either when he is under arrest or when a reasonable person in his position would understand that the restriction on his freedom of movement was tantamount to a formal arrest. *United States v. Stevens*, 487 F.3d 232, 241 (5th Cir. 2007).  In determining whether someone is in custody, courts look to how long the questioning lasts, at what point the incriminating information is provided, the location, whether the questioning takes place in public, and the number of questioners. *See United States v. Harrell*, 894 F.2d 120, 124 (5th Cir. 1990).  Voluntary statements made by a suspect are admissible, regardless of whether a suspect has been advised of his *Miranda* rights *Rhode Island v. Innis*, 446 U.S. 291, 299-300 (1980).  Even accepting Akpan's assertions in his affidavits as true, counsel was not ineffective for failing to object at trial to the admission of Akpan's statements to Hodnett into evidence.  Agent Hodnett asked that Akpan meet with him, Akpan met at the office of the Secret Service rather than a police station, he was interviewed by one agent, he was questioned about American Express charges that he had made through a point of sale terminal he had obtained, and he was not under arrest. Therefore, even accepting the circumstances as asserted by Akpan, the questioning was not custodial interrogation because a reasonable person in his position would not have

understood that there was any restriction on his freedom that was the equivalent of a formal arrest.  Because this was not a custodial interrogation, counsel was not ineffective for failing to argue that Akpan's *Miranda* rights were violated.  Therefore, Akpan has not established cause and prejudice, and this ground is procedurally barred.

Furthermore, even if this Court were to consider this ground on its merits, Akpan has not shown that he is entitled to relief.  Akpan complains that he did not have the assistance of counsel at this interview, but he does not point to any incriminating statements that he made that should not have been offered at trial.  Instead, the "incriminating" evidence Akpan provided during the interview was his assertion that the charges were not fraudulent, and that they were made because his co-defendant was purchasing cell phones from Akpan. (R. 2:191-95).  This is the defense that was offered at trial, and Akpan continues to assert this defense in his § 2255 motion.  Furthermore, even if Akpan's rights under *Miranda* were violated, any error would be harmless because it did not have a substantial and injurious effect or influence on the jury's guilty verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 622-23 (1993).  Even were this Court to discount all of Hodnett's testimony regarding his interview with Akpan, the other evidence presented at trial was more than sufficient to support the guilty verdict.  This ground is without merit and is denied.

**B.**     **Prosecutorial Misconduct**

In his second ground for relief, Akpan asserts that the government committed misconduct  by: (1) failing to disclose a non-prosecution agreement with government

witness Yun-Chu Pilles in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972); (2) threatening a defense witness prior to trial; and (3) conducting an improper closing statement. (Motion at 22-26).

Akpan first asserts that the government had a secret agreement with Ms. Pilles, the former vice-president of his company, not to prosecute her in exchange for her testimony.  He presents no evidence for this claim other than his own assertion.  Indeed, during Akpan's sentencing hearing, the government stated its position that Ms. Pilles was not a participant in Akpan's criminal activities and that, therefore, his sentence could not be enhanced on the basis that he supervised her in a criminal enterprise. (Sent. Hearing at 4, 20).  Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989).

Akpan next asserts that the government threatened one of the defense witnesses, Robert Rodriguez.  Akpan presented no evidence of these alleged threats with his § 2255 motion, but he attached as an exhibit to his reply brief a sworn, albeit not notarized, statement from Mr. Rodriguez.  In his statement, Rodriguez states that he worked for UCUC as a technical manager and that he executed a contract between UCUC and UICI for UICI to purchase 48,000 cell phones.  He further states that prior to trial he was interviewed by the prosecuting attorney and Agent Hodnett, that he was ordered not to admit at trial that he executed the contract or admit to any knowledge of the contents of the contract, and that he was threatened with prosecution and imprisonment if he did so.  He further states that this made him frightened at trial, which prevented him from

8

testifying freely. (Reply, Ex. A).  During his direct testimony, Mr. Rodriguez stated that he was the "technical manager" for Akpan's company, that his job was to install telephone lines for the company, that he was paid a total of $1500.00 for this work, and that he could not pronounce the phrase "pro forma invoice," but that he was the employee of the company who signed the pro forma invoice that formed the contract between Akpan and Yarclay for Yarclay's company to purchase cell phones from Akpan's company.  (R. 2:225-32).  On cross-examination, he testified that he spoke to the prosecutor and Agent Hodnett at separate times before trial, and that he lied to Hodnett about being employed by UCUC,.  He also testified that he knew nothing about cell phones and nothing about telephone services, that he was working at Akpan's pizzeria and driving Akpan's car at the time of trial, and that if Akpan was convicted he would probably lose his job. (R. 2:235-41).

Under the Sixth Amendment, a criminal defendant has the right to offer the testimony of witnesses on his behalf and to compel their attendance, if necessary. *Washington v. Texas*, 388 U.S. 14, 19 (1967).  Substantial inference with a defense witness's choice to testify may violate a criminal defendants due process rights.  *United States v. Whittington*, 783 F.2d 1210, 1219 (5th Cir. 1986).  Assuming the recitation of facts in Rodriguez' affidavit is correct and the prosecution threatened him if he chose to testify, in order to show substantial interference with Rodriguez' choice to testify, Akpan has the burden of showing that the testimony would have been different but for the government's actions.  *Untied States v. Thompson*, 130 F.3d 676, 686-87 (5th Cir. 1997).

Notwithstanding the alleged threats, Mr. Rodriguez testified at trial to the same information contained in his affidavit and therefore was undeterred by threats. (*See* Reply, Ex. A).  Movant has not met his burden.  Furthermore, to the extent that the prosecution was advising Rodriguez of the consequences of committing perjury at Akpan's trial, it is permissible for the government to inform witnesses of the consequences of breaking the law. *Thompson*, 130 F.3d at 687.

Finally, Akpan asserts that the prosecution committed misconduct during closing statements  by arguing that Mr. Rodriguez 's testimony was false and that there was no evidence to support Akpan's claim that the charges made to American Express were based on a contract to purchase cell phones. (Motion at 25-6).  Even were this claim not procedurally barred because it was not raised at trial or on direct appeal, Akpan has offered no support for his assertion that this was an improper closing statement.  It was a summation of evidence presented and inferences and conclusions the prosecutor wished for the jury to draw from the evidence.  As such, it was proper argument. *United States v. Delgado*, 672 F.3d 320, 336 (5th Cir. 2012); *United States v. Webb*, 950 F.2d 226, 230 (5th Cir. 1991).  Akpan's second ground for relief is without merit.

## C.    Sixth Amendment

In his third ground for relief, Akpan asserts that his constitutional rights were violated because: (1) he was tried for a conspiracy with an absent co-conspirator and the Court allowed testimony and evidence from the absent co-conspirator to be admitted against him (Motion at 32-33); and (2) the Court erred in not admitting a defense

10

exhibit into evidence. (*Id*. at 33-36).

Akpan first asserts that he was tried with his co-defendant. He was not. His co-defendant, although indicted, has not yet been tried because he has absconded. In actuality, although Akpan characterizes these claims as Confrontation Clause claims, he is in fact asserting that the evidence at trial was insufficient to support his conviction because it was evidence of Yarclay's guilt, that evidence of Yarclay's guilt was admitted into evidence in error, and that this Court erred in sustaining an objection to a defense exhibit. On direct appeal, Akpan asserted that the evidence was insufficient to establish his guilt because there was insufficient evidence that he knew about Yarclay's misrepresentations to American Express and that he agreed to intentionally defraud American Express. The Fifth Circuit held that the evidence was sufficient to support his conviction for conspiracy to commit wire fraud. *Akpan*, 396 Fed. App'x at 90-91. Likewise, Akpan also asserted on direct appeal that this Court had erred in failing to admit the same defense exhibit about which he now complains, and the Fifth Circuit held that there was no error. *Id*. at 91. These grounds cannot be reasserted here. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Plaintiff also contends that the Court erred in allowing the government to admit evidence of Yarclay's guilt at his trial. While this ground is procedurally barred because it was not raised either at trial or on appeal, it is also without merit. The evidence admitted at Akpan's trial was not merely evidence of Yarclay's guilt; it was evidence of Akpan's guilt, including evidence establishing that Akpan had a point of sale terminal

11

at his house, that he charged Yarclay's American Express accounts on that terminal, and that he was provided the authority to charge Yarclay's account over $600,000, as well as evidence that he transferred approximately half of the amount charged back to Yarclay's bank account and wrote three insufficient funds checks to Yarclay totaling $230,000 that served to artificially inflate Yarclay's bank account.  Akpan's third ground for relief is without merit.

**D.    Sentencing Error**

In his fourth ground, Akpan asserts that the Court erred in assessing a sentence enhancement for obstruction of justice and by failing to make adequate factual findings to support the enhancement.  These claims were raised and rejected by the Fifth Circuit on direct appeal.  *See Akpan*, 396 Fed. App'x at 92.  Akpan's fourth ground is without merit.

**E.    Ineffective Assistance of Counsel**

In his fifth ground for relief, Petitioner asserts that counsel was ineffective for failing to: (1) challenge the denial of counsel during Akpan's meeting with Agent Hodnett; (2) lay the proper foundation for the admission of a defense exhibit; (3) challenge the factual basis for the enhancement; and (4) investigate or call key witnesses.

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding

12

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The Court need not address both components if the petitioner makes an insufficient showing on one.  *Id.* at 697.  In reviewing counsel's performance, the Court  must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

After reviewing each of Akpan's claims, the Court concludes that counsel's performance did not amount to constitutionally ineffective assistance of counsel.  With respect to Akpan's assertion that counsel was ineffective for failing to object that his *Miranda* rights were violated, the Court has determined that Akpan was not in custody and that, therefore, no *Miranda* rights were violated.  Counsel was not ineffective for failing to make a frivolous objection.   *United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").  Furthermore, no prejudice has been shown, as Akpan has not shown a reasonable probability that, had counsel succeeded in suppressing Akpan's statements to the agent, he would not have been convicted.  Akpan was convicted based on the substantial evidence submitted at trial that established the elements of wire fraud, not based on his self-serving statements to Agent Hodnett.

Likewise, Akpan has not shown any prejudice for counsel's failure to lay the proper foundation for the admission of the pro forma invoice into evidence or for failing

to properly challenge the factual basis for the enhancement for obstruction of justice because he has failed to show a reasonable probability that, had counsel acted differently, there is a reasonable probability that he would not have been convicted, would have received a shorter sentence, or would have prevailed on appeal.  Mr Rodriguez's testimony was not believable, with or without the admission of the invoice into evidence, and there was sufficient evidence to support the enhancement based on Rodriguez's untruthful testimony given at Akpan's behest.

Finally, Akpan asserts that counsel was ineffective for failing to interview or investigate government witnesses Yun-Chu Pilles and Walter Gross and for failing to call Cy Rockins and Charles Singleton as defense witnesses.  When alleging that counsel was ineffective for failing to fully investigate a case, "[a] movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding."  *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Akpan has failed to allege with any specificity what would have been revealed or how it would have changed the outcome of the trial if counsel spoke to Ms. Pilles or Mr. Gross prior to trial. He instead states generally that counsel could have discovered if there were any exculpatory statements made and that knowledge of their testimony would have added in impeaching them (Motion at 51-2).  This is a conclusory allegation that does not meet the *Strickland* standard.  In addition, the trial transcript reveals that defense counsel attempted to speak to Ms. Pilles, but she declined to do so (R. 2:139), and that defense

14

counsel cross-examined both of these witnesses in detail. (R. 2:65-75?, 139-49).  Counsel was not ineffective in this regard.

With regard to Akpan's claim that counsel was ineffective for failing to call additional witnesses on his behalf, the Fifth Circuit has held that complaints of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative.  *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009).  To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.  *Day v. Quarterman*, 566 F3d at 538; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).  Akpan alleges that trial counsel was ineffective for failing to call Charles Singleton and Cy Rockins as witnesses.  Akpan has neither alleged nor shown that Singleton was available to testify and would have done so, and he has failed to show how his hypothetical testimony would have been favorable, other than it would have helped to lay a foundation for the pro forma invoice to be admitted at trial.  Akpan has included an affidavit from Cy Rockins stating that he was available to testify and that he created the pro forma invoice, but that defense counsel decline to call him. (Reply, Ex. B).  Akpan has shown neither deficient performance nor prejudice.  Robert Rodriguez's testimony that he, as a part-time employee, signed a contract for 48,000 cell

phones, couple with other evidence that directly disputed this testimony, was not believable at trial, and it would not have been rendered any more believable had the invoice been admitted into trial.  Akpan's fifth ground for relief is without merit.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED

Signed this 20th day of June, 2012.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

16